**Daniel Reyes VARELA; Mirna Lizbet Reyes, Petitioners,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 06–70262.

United States Court of Appeals, Ninth Circuit.

Submitted April 16, 2007 *.

Filed April 30, 2007.

Daniel Reyes Varela, Los Angeles, CA, pro se.

CAC–District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Marshall Tamor Golding, Esq., Richard M. Evans, Esq., DOJ–U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before: GRABER, CLIFTON, and BEA, Circuit Judges.

MEMORANDUM **

Daniel Reyes Varela and Mirna Lizbet Reyes seek review of an order of the Board of Immigration Appeals ("BIA") upholding an immigration judge's ("IJ") order denying their applications for cancellation of removal. We review de novo claims of constitutional violations in immigration proceedings. *See Ram v. INS,* 243 F.3d 510, 516 (9th Cir.2001). We dismiss the petition for review in part and deny in part.

We lack jurisdiction to review the IJ's discretionary determination that petitioners failed to show exceptional and extremely unusual hardship to a qualifying relative. *See Romero–Torres v. Ashcroft,* 327 F.3d 887, 892 (9th Cir.2003).

Petitioners' equal protection challenge to the Nicaraguan Adjustment and Central American Relief Act ("NACARA") is foreclosed by our decision in *Jimenez–Angeles v. Ashcroft,* 291 F.3d 594, 602–03 (9th Cir. 2002) ("Congress's decision to afford more favorable treatment to certain aliens 'stems from a rational diplomatic decision to encourage such aliens to remain in the United States' ") (internal citations omitted). Petitioners' due process challenge to NACARA also fails. *See Hernandez–Mezquita v. Ashcroft,* 293 F.3d 1161, 1165 (9th Cir.2002) (rejecting a due process challenge because petitioner failed to demonstrate that he was deprived of a qualifying liberty interest).

Our conclusion that we lack jurisdiction to review the BIA's determination that petitioners did not make out a prima facie case of hardship forecloses their argument that the BIA denied them due process by failing adequately to explain its reasons for dismissing the appeal. *See Fernandez v. Gonzales,* 439 F.3d 592, 603–04 (9th Cir. 2006).

We do not consider petitioners' contention regarding physical presence, because petitioners' failure to establish hardship is dispositive.

**PETITION FOR REVIEW DISMISSED in part and DENIED in part.**